ORIGINAL

FILED
DISTRICT OF WYOMING

SEP 18 AM 8 12

U.S. DISTRICT COURT

Reed Zars
Attorney at Law
2020 Grand Avenue, Suite 522
Laramie, WY 82070
307/745-7979
307/745-7999 (fax)

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| WYOMING OUTDOOR COUNCIL, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action 00CV 182B |
| ) | |
| CAROL M. BROWNER, in her official capacity as ) | |
| Administrator of the ENVIRONMENTAL ) | |
| PROTECTION AGENCY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### I. STATEMENT OF THE CASE

1.  This is a civil action for declaratory and injunctive relief under the Federal Clean Air Act ("the Act"), 42 U.S.C. §§ 7401 through 7671q. This action seeks an order requiring defendant Carol M. Browner, Administrator of the Environmental Protection Agency ("EPA"), to

Receipt # 292807
Summons: X issued
         ___ not issued

perform her non-discretionary duty to grant or deny the Wyoming Outdoor Council's ("WOC") June 30, 1998 petition regarding flawed state air pollution permits issued for the Jim Bridger and Naughton power plants in Wyoming. Although the Clean Air Act requires EPA to grant or deny operating permit petitions within 60 days, 40 U.S.C. § 7661d(b)(2), EPA has taken no action on WOC's petition in over two years.

## II. JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 42 U.S.C. § 7604(a)(2) (citizen suit provision of Clean Air Act), 28 U.S.C. § 1331 (federal question statute), and 28 U.S.C. § 2201 (declaratory judgment statute). The relief requested is authorized by 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 7604.

3. Venue is proper in the District of Wyoming pursuant to 28 U.S.C. § 1391(e)(2) because a substantial part of the property (the two Wyoming power plants) that is the subject of the action is located in Wyoming. Venue is also proper pursuant to 28 U.S.C. § 1391(e)(3) because the plaintiff resides in Wyoming.

4. In compliance with 42 U.S.C. § 7604(b)(2), on July 5, 2000, plaintiff notified the Administrator of the EPA of the violation of law alleged in this complaint, and plaintiff's intent to sue.

5. More than sixty days have passed since notice was served. Defendant has violated, and remains in violation of, the Act by failing to act on plaintiff's petition.

## III. PARTIES

6.	The Wyoming Outdoor Council is a non-profit conservation organization with approximately 1,000 members, dedicated to protecting natural resources, including clean air and water in Wyoming. The Wyoming Outdoor Council brings this action on its own behalf and on behalf of its adversely affected members.

7.	Members of the Wyoming Outdoor Council live, work and recreate in the vicinity of the Jim Bridger and Naughton power plants ("Wyoming power plants"). Members of the Wyoming Outdoor Council therefore breathe, use and enjoy the ambient air in the vicinity of the Wyoming power plants. Air pollutants from these power plants are discharged into the same ambient air used by Wyoming Outdoor Council members. The informational and environmental interests of Wyoming Outdoor Council members are being adversely affected by defendant's failure to act on plaintiff's petition. Plaintiff's petition seeks legally required continuous emission monitoring in the smoke stacks of the power plants, which monitoring is necessary to inform Wyoming Outdoor Council members regarding the amount of pollution entering the air they breathe, to ensure stack emissions do not exceed regulatory limits, and to eliminate excess emissions from the power plants that are currently degrading the air used by plaintiff's members..

8.	The health, aesthetic and recreational interests of plaintiff's members are being adversely impacted by defendant's failure to act by allowing the two Wyoming power plants to persist in operating without adequate monitoring and by allowing periods of excessive emissions

to go unnoticed. The health, aesthetic and recreational interests of plaintiff's members is further being adversely affected by defendant's failure to act on plaintiff's petition that seeks more stringent emission requirements during periods of startup, shutdown and malfunction. Defendant's failure to act is allowing the Wyoming power plants to emit excessive pollutants during these periods of startup, shutdown and malfunction that adversely affect the air used by plaintiff's members.

9. Defendant Carol M. Browner is the Administrator of the Environmental Protection Agency. The Administrator is responsible for implementing the Clean Air Act, including the requirement to act within 60 days on plaintiff's operating permit petition.

## IV. STATEMENT OF FACTS

10. On July 30, 1998, plaintiff filed its petition with EPA pursuant to 42 U.S.C. § 7661d(b)(2).

11. Plaintiff filed its petition within 60 days after the expiration of EPA's 45 day review period consistent with U.S.C. § 7661d(b)(2)..

12. Plaintiff's petition was based upon objections raised during the public comment period consistent with U.S.C. § 7661d(b)(2).

13. Plaintiff's petition complies fully with 42 U.S.C. § 7661d(b)(2).

14. Pursuant to 42 U.S.C. § 7661(d)(b)(2), EPA had 60 days to grant or deny plaintiff's petition.

15.     EPA has not granted or denied plaintiff's petition.

## V. CAUSE OF ACTION

16.     Plaintiff incorporates by reference and realleges the allegations contained in paragraphs 1 through 15 for the cause of action stated below.

**CAUSE OF ACTION**                              **Failure to Grant or Deny Petition**

17.     On July 30, 1998, plaintiff filed its petition with EPA pursuant to 42 U.S.C. § 7661d(b)(2).

18.     EPA failed to grant or deny plaintiff's petition within 60 days, has not granted or denied plaintiff's petition for over 775 days, and has not granted or denied plaintiff's petition as of the date of this complaint.

19.     EPA has violated, and is in violation of, its non-discretionary duty to grant or deny plaintiff's petition within 60 days as required by 42 U.S.C. § 7661d(b).

## VI. RELIEF REQUESTED

WHEREFORE, plaintiff respectfully requests this court to grant the following relief to correct defendant's long standing violation of law:

20.     DECLARE that defendant has violated its nondiscretionary duty to grant or deny plaintiff's petition within 60 days;

21.     ORDER defendant to grant or deny plaintiff's petition within 10 calendar days of the Court's ruling;

22. ORDER defendant to grant plaintiff's petition to the extent defendant has found the Wyoming power plant permits are not in compliance with the requirements of the Clean Air Act and regulations, and the Wyoming state implementation plan;

23. ORDER defendant to pay plaintiff its costs of litigation, including but not limited to reasonable attorney fees, as authorized in Section 304(d) of the Act, 42 U.S.C. § 7604(d); and

24. GRANT such other relief as the Court deems necessary and proper.

FOR THE WYOMING OUTDOOR COUNCIL

Reed Zars
Attorney at Law
2020 Grand Avenue, Suite 522
Laramie, WY 82070
307/745-7979
307/745-7999 (fax)

Attorney for Plaintiff

DATED: September 18, 2000.

-6-